# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

RICHARD MONAHAN                          PLAINTIFF/APPELLEE

VS.                            NO. 25-1217

RED MULE EXPRESS, LLC                    DEFENDANT/APPELLANT

## BRIEF IN SUPPORT OF OBJECTION AND RESPONSE TO APPELLEE'S MOTION FOR BILL OF COSTS

### I. BACKGROUND

Appellee, Richard Monahan ("Monahan"), worked twelve (12) weeks as a cook for Appellant, Red Mule Express, LLC ("Red Mule"), a family-owned gas station and quick shop located at Highland, Arkansas. The family that owns Red Mule is originally from Jordan, the Middle East.

Appellee Monahan filed an action against Appellant Red Mule for unpaid overtime wages, asserting claims under both the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201-319, and the Arkansas Minimum Wage Act Ark. Code Ann. § 11-4-201, et seq. ("AMWA").

### II. LAW AND ARGUMENT

Appellant has been denied due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution by the trial tactics of Appellee, Richard Monahan ("Monahan") and decisions of the lower court.

A.  **Appellant Was Denied Due Process And Equal Protection Clause Of The 14th Amendment To The United States Constitution.**

   1.  **Standard of Review.**

The United States Supreme Court used three standards of review to decide constitutional cases intermediate scrutiny, and strict scrutiny, and a rational basis. The standard of review, also known as the standard or level of scrutiny, determines the level of deference an appellate court will give to a lower court ruling.

For example, in an equal protection case, the government must use strict scrutiny to show that its action is narrowly tailored to achieve a compelling government interest.

The court has determined that due process requires at a minimum: (1) notice; (2) an opportunity to be heard; and (3) an impartial tribunal *Mullane v. Central Hanover Bank* & Trust Co., 339 U.S. 306 (1950).

With regard to the meaning of "life, liberty, and property," perhaps the most notable development is the court's expansion of the notion of property beyond real or personal property. In the 1970 case of *Goldberg v. Kelly*, 397 U.S. 254 (1970), the court found that some governmental benefits—in that case, welfare benefits— amount to "property" with due process protection. Courts evaluate the procedure for depriving someone of a "new property" right by considering: (1) the nature of the property right; (2) the adequacy of the procedure compared to other procedures would impose on the state. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

2

One of the purposes of the Fourteenth Amendment was to provide federal protection of individual rights against the state. As a practical matter, almost all the rights in the Bill of Rights have been incorporated against the states. The exceptions are the Third Amendment's restriction on quartering soldiers in private homes, the Fifth Amendment's right to a grand jury trial in civil cases, the Seventh Amendment's right to jury trial in civil cases, and the Eighth Amendment's prohibition on excessive fines.

The lower court has determined that due process guarantee of the Fifth and Fourteenth Amendments protect certain substantive rights, certain liberties.

United States Constitution, Amendment XIV § 1:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Pursuant to the Constitution, the nature of the judicial branch does not make laws; it does not enforce laws; it resolves disputes. Real live "cases or controversies" is what the Constitution says.

A citizen is permitted to sue someone, i.e., to use the judicial branch only when he or she has been harmed by someone who is violating the law and needs the court to help him or her out (to grant relief), due process.

Equal protection refers to the idea that a governmental body may not deny people equal protection of its governing laws. The governing body state must treat an individual in the same manner as others in similar conditions and circumstances.

The Equal Protection Clause is a clause from the text of the United States Constitution, Amendment XIV. The clause, which took effect in 1868, provides "nor shall any state deny to any person within its jurisdiction the equal protection of the laws." A primary motivation for this clause was to validate the equality provisions contained in the Civil Rights Act of 1866, which guaranteed that all citizens would have equal protection by law.

The meaning of the Equal Protection Clause inspired the well-known phrase "Equal Justice Under the Law," the basis for *Brown v. Board of Education*, 347 U.S. 483 (1954); *Gitlow v. New York*, 268 U.S. 652 (1925); *Mapp v. Ohio*, 367 U.S. 643 (1961); *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Griswold v. Connecticut* (07 June 1965); *Regents of the University of Calif. v. Bakke*, 438 U.S. 265 (1978).

Appellant was forced to file a Motion to Dismiss the original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because of a lack of specifics regarding Appellee's claims of lack of overtime pay.

Although Appellee filed an Amended Complaint, the Amended Complaint did not cure the deficiency of the original Complaint, a lack of specifics regarding hours worked.

Appellee's present attorney is believed to be his third attorney.

Appellee testified he was told when he was hired that he would not be given overtime and no overtime pay.

Appellant offered three exhibits, Exhibits 1, 2 and 3, regarding a calendar Appellee provided during initial disclosures for the first six (6) weeks he worked. Also included in the first three exhibits was a computation by a law clerk hired by the first attorney for Appellant which were more legible and showed Appellee worked a total of twenty-five (25) hours overtime. Appellee testified that Appellant's Exhibits 1, 2 and 3 were correct, truthful. Appellant's exhibits were copies of a check made to Appellee, Richard Monahan, in the amount of $429.00 based on his original time sheets, and a receipt showing receipt of the payment of all hours worked overtime the first six (6) weeks pursuant to Exhibits 1, 2 and 3.

Appellee's counsel's argument for more unpaid overtime was contrived for the basis of an attorney's fee. Although Appellee claimed to have worked six (6) more weeks, Appellee offered no evidence of timesheets, etc., and only vaguely testified about working many hours overtime.

The matter was presented at a bench trial as no agreement could be reached. Appellant argues that the matter should have been dismissed as Appellant paid all overtime Appellee claimed was due based on evidence, thus, the balance of any claim is trivial, not supported by evidence or specifics. Appellant argues that

equitably this amounts to a settlement to be reviewed by the court. *See Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018).

There is a circuit split on whether to extend older Supreme Court cases so as to require judicial approval of all FLSA settlements. The Eighth Circuit has never taken a side on this issue, never had an occasion to interpret whether 29 U.S.C. § 216 requires judicial approval of all FLSA settlements.

In *Paulette Barbee, Administrator of the Estate of Kimberly Hope Gillock v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019), the Barbee court stated, "regardless of whether we read the statute as requiring approval for FLSA settlement, we do not read it as requiring approval of settled attorney fees."

The Eighth Circuit in *Barbee, supra*, stated:

> "When all parties to a case sign a dismissal, that dismissal is effective unless federal law provides otherwise. FRCP 41(a)(1)(A)(ii). This right to dismissal is unconditional right." *Gardiner*, 747 F.2d at 1190. We also value this right in the attorney fee context because it prevents unnecessary litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Appellant contends it settled its legitimate wage claims, and the matter should be approved and dismissed.

In *Barbee* the Eighth Circuit vacated the portion of the district court's judgment that addressed settled attorney fees.

Another relevant Eighth Circuit case, *Vines and Lewis v. Welspun Pipes, Inc.*, (8th Cir. Jun. 29, 2023), is discussed below. Vines and Lewis brought a class action

6

against the defendant companies (collectively "Welspun") under the Fair Labor Standards Act (FLSA). Plaintiffs negotiated a settlement agreement with Welspun for the wage and attorney's fees. The district court did not approve the settlement because it determined that the claim and fees were not separately negotiated.

The parties tried a second time presenting the district court with only the wage-claim portion of the settlement. The District Court approved the wage-claim settlement and granted a motion for attorney's fees and cost, awarding $1.00 in fees, or $25.000.00 if not approved by the court.

The district court previously denied a joint motion because the agreement, motion, lacked specifics, certain information, number of people, billing records, etc.

The Eighth Circuit acknowledged *Barbee*:

"Any authority for judicial approval of FLSA settlements. . . does not extend to review of settled attorney fees." *Id* at 1027. We conclude that there is sufficient evidence in the record for the district court to have determined that the wage claim and the attorney's fee were not separately negotiated.
The *Vines and Lewis* court in the Eighth Circuit stated:

"We review an award of attorney's fees for an abuse of discretion." *Phelps-Roper v. Koster*, 815 F.3d 393, 398 (8th Cir. 2016).

The Eighth Circuit further stated that federal courts begin by employing the lodestar method which multiplies the number of hours worked by the prevailing hourly rate.

Appellant Red Mule, in the case at bar, contends Appellee's attorney's hours which he contends he worked are contrived after the settlement made early in the

7

case. For the most part, the hours claimed were accumulated putting together a claim for attorney's fees or pursuit of a frivolous claim, not supported by evidence or specifics.

The Eighth Circuit further stated:

Here, the district court did not calculate the lodestar. In fact, the district court did not determine the number of hours SLF reasonably worked, not did it multiply the hourly rate by anything. Because the district court did not determine the number of hours reasonably expended, it could not have multiplied that number by the hourly rate. Consequently, it did not calculate the lodestar.

In the case at bar, Appellee did not provide specific evidence in any form, other than the six weeks calendar testified to in court and payment made by Appellant earlier in the case. The wage request cannot be based on the lodestar. There is a reason that counsel representing Appellee is believed to be Appellee's third attorney.

Both the Supreme Court and the Eighth Circuit have explained, outside the FLSA context, that the lodestar calculation is necessary. *Blanchard v. Bergerson*, 489 U.S. 87, 94 (1989). . .the centerpiece of attorney's fees awards. *H.J., Inc. v. Flygt Corp.*, 925 F.2d 257, 259-60 (8th Cir. 1991). The district court may consider a carve out, skipping the lodestar if instead, only.

"consider the amount and nature of damages awarded" as compared to the amount sought.

8

In the case at bar, Appellant paid $429.00 based on the agreed hours by Appellee, early in the lawsuit.

No other specific evidence was provided in the Complaint, Amended Complaint, or evidence provided in initial disclosures. Even at trial, Appellee's testimony was in generalities, not specifics.

The Eighth Circuit discusses two Eleventh Circuit cases that affirmed $0 in attorneys fees, nuisance litigation. *Batista v. South Florida Woman's Health Associates,* Inc., et al., No. 19-10133 (11th Cir. 2021).

In *Batista*, the defendant wrote the plaintiff a check but plaintiff's attorney demanded more for attorney's fees. *Id. at 157-58*. The Eleventh Circuit explained that the lawsuit was groundless . . . In the case at bar, we note it is well within the district court's discretion to consider the party's unprofessional conduct in the case. *Wescott Agri-Prods. Inc. v. Sterling Bank, Inc.*, 682 F.3d 1091 (8th Cir. 2012). The Eighth Circuit discussed reducing the lodestar where:

> "the hours claimed were excessive," spent on issue of 'marginal merit' and . . . spent the plaintiff's attorneys were guilty of "misconduct in conducting the litigation."

The Eighth Circuit vacated the district court's award of attorney's fees and remanded for proceeding consistent with this opinion. The dissent discussed a conflict of interest when a lawyer negotiates, in drawn out litigation over attorney's fees. The dissent discusses the conflict of interest tainted the entire settlement

9

agreement, exactly what happened in the case at bar. The dissent discusses misconduct by Plaintiff's counsel.

> The district court concluded that such conduct deserves no reward. As other courts have "a reasonable fee may be no fee at all." *Batista v. South Florida Woman's Health Associates,* Inc., et al., No. 19-10133 (11th Cir. 2021).
>
> On the record, the district court did not abuse its discretion in making the award of one dollar.

Appellee Monahan has filed a Complaint and Amended Complaint for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"). Appellee Monahan failed to allege with specificity his hours work, only stating he worked over 40 hours some weeks.

Appellant Red Mule settled Appellee's pending claim by paying Appellee based on his timesheets he turned in.

Appellee's Complaint and Amended Complaint should be dismissed based on the law which includes, but is not limited to, *DeJesus v. HF Management Services, LLC*, 726 F.3d 85 (2013). The "complaint must [nonetheless] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

10

## III. CONCLUSION

Based on the facts and the law Appellee's Motion for Bill of Costs should be denied.

Respectfully submitted,

Larry J. Steele
Ark. Bar No. 78146
Attorney for Defendant/Appellant
LARRY J. STEELE PLC
225 West Elm Street
P.O. Box 561
Walnut Ridge, AR  72476-0561
(870) 886-5840
(870) 886-5873 fax
email:  steelelaw7622@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Josh Sanford
SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Email: josh@sanfordlawfirm.com

Larry J. Steele